**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MARK SNYDER, | * | Case No. 1:26-cv-00303 |
| | * | |
| Plaintiff, | * | |
| | * | Judge _____ |
| -v- | * | |
| | * | Magistrate Judge _____ |
| U.S. BANCORP, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant U.S. Bancorp ("Defendant") removes case number A 2600867 from the Hamilton County Court of Common Pleas in Hamilton County, Ohio where it is now pending, to the United States District Court for the Southern District of Ohio (Western Division). This action is being removed based on diversity jurisdiction under 28 U.S.C. § 1332.

As grounds for removal, Defendant states as follows:

1. On or about February 13, 2026, Plaintiff Mark Snyder ("Plaintiff") filed the present action against Defendant in the Hamilton County Court of Common Pleas in Hamilton County Ohio, designated as Case No. A 2600867. A copy of the Civil Summons and Complaint received by Defendant is attached as **Exhibit A.**

2. Defendant was served with the Summons and Complaint on or about February 24, 2026.

1

3. Exhibit A constitutes all process, pleadings, and orders served upon or received by Defendant. No further pleadings have been served upon Defendant, and no further proceedings have taken place in Hamilton County Court of Common Pleas.

4. This Notice of Removal is being filed within thirty days of receipt of the Complaint in this matter. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## CITIZENSHIP OF THE PARTIES

5. Plaintiff is an individual and a resident of Ohio. (Complaint at ¶ 1) For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.").

6. Plaintiff alleges U.S. Bancorp is a Delaware Corporation with its principal place of business in Minnesota. (Complaint at ¶ 3)

7. Based on the Complaint, Plaintiff is a citizen of Ohio, while Defendant is a citizen of Minnesota and Delaware. Therefore, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

8. The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed. *See Ahearn v. Charter Twp.*, 100 F.3d 451, 453 (6th Cir. 1996). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds); *Everett v. Verizon Wireless,*

*Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). *See also Holiday Drive-In, LLC v. Liberty Mut. Ins. Co.*, 2016 U.S. Dist. LEXIS 27590, *10 (W.D. Ky. Mar. 4, 2016) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9. Plaintiff's Complaint seeks "compensatory damages, punitive and liquidated damages in excess of $25,000." (Complaint, p. 4)  Plaintiff claims to have suffered emotional distress, past and future lost wages and benefits. (*Id.* at ¶ 24)  Plaintiff also seeks pre- and post-judgment interests, costs and attorney fees. (*Id.* at p. 4)

10. Adding together the potential damages Plaintiff seeks, it can reasonably be assumed that the amount in controversy easily exceeds $75,000.  When determining the amount-in-controversy for purposes of diversity jurisdiction, both punitive damages and attorney's fees, if pled, are also included. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (attorney's fees); *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005)(attorney's fees and punitive damages).  Attorney's fees alone for one year of litigation, even assuming no appeal, could easily exceed $75,000.  Moreover, Plaintiff claims he was terminated in 2018, nearly 8 years ago. (Complaint ¶ 18) Even at minimum wage, any claim for lost wages could exceed $75,000.

**REMOVAL**

11. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the United States District Court for the Southern District of Ohio, Western Division has original jurisdiction over this matter.

12. The United States District Court for the Southern District of Ohio, is the district court for the judicial district and division embracing Hamilton County, Ohio, where the state action

is pending. The Hamilton County Court of Common Pleas is located within this District. Venue is thus appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

13.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted or is entitled to any of the relief sought.

14.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Complaint in this matter.

15.     As required by 28 U.S.C. §1446(d), Defendant shall promptly file a Notice of Filing Notice of Removal with the Hamilton Court of Common Pleas.  A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**. Defendant is also giving written notice of the removal of this action to Plaintiff by serving him as required by 28 U.S.C. § 1446(d).

16.     There are no other defendants named in this action.

For these reasons, Defendant respectfully requests that the above-entitled action now pending in the Common Pleas Court of Hamilton County, Ohio, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this Court.

Respectfully submitted,

/s/ Patricia Anderson Pryor
Patricia Anderson Pryor (00069545)
Patricia K. Gavigan (0081258)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
E-mail: pryorp@jacksonlewis.com
E-mail: tricia.gavigan@jacksonlewis.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed through the Court's Case Management and Electronic Case Filing (CM/ECF) system on March 24, 2026 and served via regular U.S. mail to counsel of record.

/s/ *Patricia Anderson Pryor*
Patricia Anderson Pryor

4904-5656-7450, v. 1

6